UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RAUL TORRES, ) | |
| ) | |
| *Petitioner* ) | |
| ) | |
| vs. ) | CAUSE NO. 3:05-CV-711 RM |
| ) | (Arising out of 3:02-CR-108(02) RM |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Respondent* ) | |
| ********************************************** | |
| RAUL TORRES, ) | |
| ) | |
| *Petitioner* ) | |
| ) | |
| vs. ) | CAUSE NO. 3:05-CV-712 RM |
| ) | (Arising out of 3:02-CR-132(01)RM) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Respondent* ) | |

OPINION and ORDER

Following Raul Torres' sentencing in March 2004 to consecutive terms of imprisonment of 188 months (for possession with intent to distribute cocaine) and 60 months (for possessing a firearm in furtherance of drug distribution activities), Mr. Torres filed a petition pursuant to 28 U.S.C. § 2255. That petition was denied and summarily dismissed on November 29, 2005 based on Mr. Torres having waived, in his plea agreement, his right to file an appeal or a § 2255 petition. Mr. Torres is now before the court seeking to vacate the November 2005 denial of his § 2255 petition under Federal Rule of Civil Procedure 60(b)(6). According to Mr. Torres, "the court mistakenly neglected to address [his] claim that the district

court failed to advise him of the nature and elements of the § 924(c) charge when denying his § 2255 [petition]. . . . [T]he court's error prevented the court's adequate resolution of the underlying merits of his claim in regards to his challenge to the voluntariness of the § 924(c) charge." Mot., ¶¶ 7-8.

As noted in the order denying Mr. Torres' § 2255 petition, Mr. Torres agreed in his plea agreement to waive his right to appeal his sentence or contest his sentence on any ground in a § 2255 proceeding. The waiver in a plea agreement of a right to appeal is enforceable "as long as the record clearly demonstrates that it was made knowingly and voluntarily," United States v. Williams, 184 F.3d 666, 668 (7th Cir. 1999), and that a waiver of relief under 28 U.S.C. § 2255 is enforceable within limits. Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000). "[T]he right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver." Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999). Mr. Torres claims his Sixth Amendment rights were violated when counsel rendered ineffective assistance relating to his guilty plea and his appeal, but he has advanced no claims relating to the negotiation of the waiver.

Even if Mr. Torres hadn't waived his right to appeal or file a § 2255 petition, his claim that he wasn't advised of the nature and elements of the 18 U.S.C. § 924(c) charge is without merit. Mr. Torres was advised at his change of plea hearing of the elements of the § 924(c) charge, see Plea Tr., at 27; he admitted that he possessed firearms in furtherance of his distribution of cocaine and was guilty

of that charge, *see* Plea Tr., at 27-29, 31; he stated he had discussed the specifics of the firearms charge with his attorney prior to the change of plea hearing, *see* Plea Tr., at 30; he said he wanted to plead guilty because he was guilty of the charges, *see* Plea Tr., at 33; and he stated he understood and agreed to the waiver of his right to appeal or otherwise challenge his sentence or the way in which it was determined "on any ground." *See* Plea Tr., at 13-14, 18-19.

Mr. Torres' statements at his change of plea hearing, statements made under oath, are presumed to be truthful when determining whether his plea was knowing and voluntary. Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir. 2000). Nothing in the record supports a finding that Mr. Torres wasn't fully advised of the charges against him, that he didn't admit to facts sufficient to establish his possession of firearms in furtherance of his drug trafficking activities, that his guilty plea and his agreement to waive his appellate rights were anything but knowing and voluntary, or that his attorney provided ineffective assistance in this regard.

Mr. Torres waived his right to appeal his sentence and to file a § 2255 petition. His claim that the November 2005 summary dismissal was somehow improper is without merit, and his motion to vacate that judgment [filed May 9, 2007] is DENIED. The clerk is directed to close Cause Nos. 3:07-CV-224RM and 3:07-CV-226RM, cases opened in error in connection with Mr. Torres' motion under Federal Rule of Civil Procedure 60(b).

SO ORDERED.

ENTERED: <u>May 25, 2007</u>

<u>/s/ Robert L. Miller, Jr.</u>
Chief Judge
United States District Court

cc: R. Torres
D. Schmid